IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-24-473-D |
| PAULA HORN, individually and as the personal representative of the Estate of Greg Horn; and | ) |
| ADVANCED CONSTRUCTION AND MAINTENANCE, LLC, | ) |
| Defendants. | ) |

## ORDER

On November 15, 2024, Plaintiff filed its Motion for Entry of Default by the Clerk Against Defendant Advanced Construction and Maintenance ("Advanced Construction") [Doc. No. 10]. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "To grant a motion for default judgment, the district court must first determine whether the defendants in question were properly served." *Cochran v. City of Wichita*, 784 F. App'x 585, 587-88 (10th Cir. 2019).

Although the Federal Rules do not expressly permit service by certified mail, they do permit service of a summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff's

attempted service appears deficient or, at the very least, leaves the Court unable to confirm proper service.

Oklahoma law requires service by certified mail to be restricted to the addressee. *See* Okla. Stat. tit. 12, § 2004(C)(2)(b) ("Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."). Further, "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." Okla. Stat. tit. 12, § 2004(C)(2)(c).

Here, Plaintiff states it served Advanced Construction with a copy of the Complaint and Summons "via certified mail, return receipt requested, restricted delivery on June 17, 2024." Return of Service [Doc. No. 6] at 1. Although the Court has no reason to doubt the veracity of Plaintiff's statement, nothing in the Proof of Service [Doc. No. 6-1] or Summons [Doc. No. 6-3] confirms that the restricted addressee—presumably, a representative of Advanced Construction—actually picked up the mailing. Without a green card (or other identifying information), the most the Court can discern from the two documents is that someone picked up the mailing from a postal facility in Crowder, Oklahoma on June 17, 2024 at 1:14 P.M. *See* Proof of Service.

For these reasons, the Court cannot comply with its duty to ensure that Advanced Construction was properly served. Therefore, Plaintiff's Motion for Entry of Default by

the Clerk Against Defendant Advanced Construction and Maintenance [Doc. No. 10] is **DENIED** without prejudice to refiling.

    **IT IS SO ORDERED** this 20th day of December, 2024.

                                                                       *[signature]*
                                                    TIMOTHY D. DeGIUSTI
                                                    Chief United States District Judge